**SWEDISH AMERICAN LINE and Swedish Transatlantic Line, Appellants,**

v.

**EVANS PRODUCTS CO., Appellee.**

**EVANS PRODUCTS CO., Appellant,**

v.

**SWEDISH AMERICAN LINE, Swedish Transatlantic Line and Norfolk & Western Railway Company, Appellees.**

**Nos. 14144, 14145.**

United States Court of Appeals, Fourth Circuit.

Argued July 22, 1970.

Decided Aug. 27, 1970.

Robert M. Hughes, III, and E. Martin Schara, III, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for Swedish American Line and Swedish Transatlantic Line.

Guilford D. Ware, Norfolk, Va. (Walkley E. Johnson, Jr., and Crenshaw, Ware & Johnson, Norfolk, Va., on brief), for Evans Products Co.

William T. Prince, Norfolk, Va. (Williams, Worrell, Kelly & Worthington, Norfolk, Va., on brief), for Norfolk & Western Railway Co.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

PER CURIAM.

The Swedish Lines appeal from a decree in admiralty awarding damages to Evans Products Company, consignee of hardboard shipped from Sweden to the United States. On sufficient evidence, the district judge found that all the cargo was in good condition when it was delivered to the ship in Sweden and that a portion was in damaged condition when discharged in Norfolk. The stevedore observed, and advised the mate, that a quantity of crates had one or more broken bands, sling cuts, and other de-fects. After Evans conducted a partial survey, it salvaged five crates in Norfolk and transported the others by rail to its plant in Illinois. There it sorted the hardboard and ordered a more thorough survey, which established that approximately 775,000 square feet of the hardboard was damaged.

The cargo did not move on a direct bill of lading. The ship had issued a bill of lading from Sweden to Norfolk. Transportation by rail to Illinois was under another bill of lading for which the ship had no responsibility. Consequently, the ship contends that assessment of damages against it is limited to the five crates that were salvaged in Norfolk and the reasonable cost of rebanding others.

Since the defects observed in Illinois were similar to the damage noted when the cargo was discharged in Norfolk, the trial court could draw the inference that the damage ascertained in Illinois was caused by the ship. This is a finding of fact which we cannot say is clearly erroneous. Fed.R.Civ.P. 52 (a). Evans did not have to prove a negative—that none of the damage occurred during transportation by rail—for under the Carriage of Goods by Sea Act §§ 3–4 [46 U.S.C. §§ 1303–04 (1964)], when Evans proved good delivery of all the hardboard in Sweden and bad outturn of a portion in Norfolk, the ship then had to prove what part of the balance of the cargo was unloaded in good condition. Armco International Corporation v. Rederi A/B Disa, 151 F.2d 5, 8 (2d Cir. 1945); see M. W. Zack Metal Co. v. S.S. Birmingham City, 311 F.2d 334, 337 (2d Cir. 1962) (dictum), cert. denied 375 U.S. 816, 84 S.Ct. 50, 11 L.Ed.2d 51 (1963).

Evans conducted its survey in Illinois without notifying the ship. An award of the surveyor's fees to Evans was error, for notice is a prerequisite to recovery. Goodwin v. The Jackie B., 147 F.Supp. 292, 295 (E.D.N.C.1957), aff'd per curiam sub nom. Wells v. Goodwin, 248 F.2d 544 (4th Cir. 1957).

We find no merit in the other assignments of error. Except for the cost of the surveyor's fee, which cannot be charged against the ship, the judgment is affirmed. The case is remanded for modification of the judgment.

Affirmed in part, reversed in part and remanded.